UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANTHONY DEREK MOZONE, as administrator of
the Estate of DARIUS M. MARSHALL and CINDY
MOONSAMMY MARSHALL,
wife of DARIUS M. MARSHALL,

                    Plaintiffs,
                    -against-

THE CITY OF NEW YORK, as Owner and
Operator of the
M/V ANDREW J. BARBERI,

                    Defendants.
------------------------------------------------------------X

**PETITION**

#08 Civ. 2893

TO THE UNITED STATES DISTRICT COURT JUDGE,

EASTERN DISTRICT OF NEW YORK:

    The undersigned petitioner, ANTHONY DEREK MOZONE, respectfully show this Court and alleges:

1. That petitioner, ANTHONY DEREK MOZONE, is the Administrator of the estate of DARIUS MARQUETTE MARSHALL a/k/a DARIUS M. MARSHALL, having received limited letters of administration from the Surrogate's Court of the County of Richmond on March 10th, 2004. (Letters annexed hereto as Exhibit A)

2. That the decedent died on October 15th, 2003, and at the time of his death, he was domiciled at 60 Hamilton Avenue, Apartment 5E, Staten Island, New York, 10301.

3. That the decedent left surviving the following sole-distributee:

| Name & Address | Relationship |
|---|---|
| Cindy Moonsammy Marshall<br>750 Ocean Avenue<br>Brooklyn, New York, 11226 | Spouse |

4. That the sole-distributee is under no legal disability, however, the sole-distributee is a citizen of Trinidad and Tobago, and therefore was ineligible to receive letters of administration.

5. That the decedent left surviving no other spouse, no other child or children, either in or

out of wedlock, no issue of any pre-deceased child or children, and no other person interested herein or of whom the Court is required to have information.

6. That at the time of his death, the decedent was 25 years of age, having been born on May 27th, 1978.

7. That the cause of action sought to be compromised herein arose on October 15, 2003 when the decedent suffered compression of the chest with aortic laceration. The Decedent was a passenger on the Staten Island Ferry when it collided with the dock.

8. That my attorney has informed me that the defendants have made a final offer of $2,500,000.00 in full settlement of the cause of action for wrongful death. The parties appeared before Your Honor on September 11th, 2008 and agreed to this settlement and a statement was placed on the record. (Annexed hereto as Exhibit B)

9. The petitioner, ANTHONY DEREK MOZONE, and CINDY MOONSAMMY MARSHALL, were advised of this offer and have agreed to accept this settlement offer. Taking into consideration the circumstances and prevailing case law dealing with this type of wrongful death claim, it is your petitioner's opinion that the proposed settlement is in the best interests of the estate and distributee.

10. That the decedent died intestate, and that any remaining assets of the estate shall be administered by the Surrogate's Court of Richmond County. Neither the decedent nor his estate has any outstanding tax liability. My attorney has informed me that the proceeds of the settlement do not become part of the estate, but pass by law to designated persons, based upon their respective pecuniary loss.

11. That the decedent was a United States citizen and the sole distributee is a citizen of Trinidad and Tobago.

12. That pursuant to the statements of the Court and counsel, the fee of my attorney is to be determined at a later date and upon additional papers. (See Exhibit B)

13. That for the purpose of this application, your petitioner is making a request for a fee equal to 2 percent of the gross settlement for the time and services that I have performed as

administrator of this estate. The funeral bill has been paid and, upon information and belief, there is no claim for reimbursement.

14. That, except for the fee and disbursements of my attorney, your petitioner knows of no obligation incurred for hospital, medical or nursing services. That there are no other liens, claims, assignments, or encumbrances against the decedent, the decedent's estate or proceeds of the within settlement, and your petitioner knows of no assignment or power of attorney made or executed by any person interested herein.

15. That the decedent and the distributee herein have never been recipients of any Federal, State or local welfare, or public assistance.

16. That no hospital notice of lien has been filed under section 189 of the lien law. There is a no claim under Worker's Compensation.

17. That Admiralty Law is the only law applicable herein, and based upon Admiralty Law, it is proposed that proceeds of the settlement be distributed to the person entitled thereof as follows:

    To Cindy Moonsammy Marshall, wife and sole distributee

18. That to the best of petitioners' knowledge, information and belief, my attorney is not connected with the defendants or defendants' counsel directly or indirectly.

19. That no previous application has been made for the relief sought herein.

WHEREFORE, it is respectfully requested that this Court modify and extend the Letters of Administration heretofore issued to petitioner to permit the compromise and settlement of the causes of action for the wrongful death of the decedent in the sum of $2,500,000.00; permit petitioners to execute and deliver any and all papers necessary to effectuate the settlement; permit a draft to be issued in the sum of $2,500,000.00 dollars payable to RUBENSTEIN & RYNECKI, ESQS. and GARY, WILLIAMS, FINNEY, LEWIS, WATSON & SPERANDO, P.L., and ANTHONY DEREK MOZONE as Administrator of the Estate of DARIUS M. MARSHALL; permit RUBENSTEIN & RYNECKI, ESQS. to issue a draft to RUBENSTEIN & RYNECKI, ESQS. and GARY, WILLIAMS, FINNEY, LEWIS, WATSON & SPERANDO,

P.L., as and for reimbursement of their disbursements; permit RUBENSTEIN & RYNECKI, ESQS. to issue a draft to CINDY MOONSAMMY MARSHALL for a sum representing 2/3 of the net settlement after the deduction of disbursements; permit RUBENSTIEIN & RYNECKI, ESQS. to retain in their escrow account 1/3 of the net settlement after the deduction of disbursements, said amount representing the attorney's fee pursuant to the retainer agreement, with the distribution of said sum, and the amount of the attorney's fee, to be determined by this Court at a later date after submission of additional papers; deem any right to reimbursement for funeral expenses waived; declare the account of petitioner with respect to the proceeds to be judicially settled; dispense with the necessity for the filing of a bond, and grant such other and further relief as to this Court may seem just and proper in the instant circumstance.

DATED: September 25th 2008

_____
ANTHONY DEREK MOZONE

Sworn to me this 25 day
of September 2008

_____
Notary Public

JACK JACILLA
NOTARY PUBLIC, State of New York
No. 01JA4750607
Qualified in Kings County
Commission Expires Nov. 30, 2009