```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANTHONY DEREK MOZONE, as administrator of          ATTORNEY'S
                                                   AFFIRMATION
the Estate of DARIUS M. MARSHALL and CINDY
MOONSAMMY MARSHALL,
wife of DARIUS M. MARSHALL,                        #08 Civ. 2893

                          Plaintiffs,
                     -against-

THE CITY OF NEW YORK, as Owner and
Operator of the
M/V ANDREW J. BARBERI,

                          Defendants.
-----------------------------------------------------------------X
```

TO THE UNITED STATES DISTRICT COURT JUDGE,

EASTERN DISTRICT OF NEW YORK:

SCOTT E. RYNECKI, affirming the truth of the statements contained herein, under the penalties of perjury, says:

That I am an attorney at law, duly licensed to practice in the Courts of the State of New York, and I am a partner in the firm of RUBENSTEIN & RYNECKI, ESQS., the attorney for the petitioner.

That the cause of action sought to be compromised herein arose on October 15, 2003 when the decedent, DARIUS MARSHALL, suffered compression of the chest with aortic laceration, when he was a passenger on the Staten Island Ferry that collided with a dock. The accident came to be known as the "Staten Island Ferry Crash."

That the defendants have made a final offer of $2,500,000.00 in full settlement of the cause of action for wrongful death, it is your affiant's opinion that the proposed settlement is in the best interest of the estate and distributee.

That there are no liens, claims, assignments or encumbrances of any kind against the decedent, the decedent's estate or the proceeds of the within settlement. There are no outstanding hospital or medical bills, and the funeral bill has been paid with no claim for reimbursement. There is no lien for Worker's Compensation benefits.

On September 11, 2008, your affiant appeared in Court along with the Administrator, ANTHONY DEREK MOZONE and the widow/sole distributee, CINDY MOONSAMMY MARSHALL. Prior to coming to Court, the Administrator ANTHONY DEREK MOZONE and widow/sole distributee were fully apprised of the ongoing settlement negotiations and in fact took an active role in the negotiations. Ultimately, the negotiation resulted in the final offer of $2,500,000.00. On the above date, statements were placed on the record as to their understanding of the offer and both the Administrator an the widow/sole distributee approved and agreed to accept the settlement offer.

That neither RUBENSTEIN & RYNECKI, ESQS., or GARY, WILLIAMS, FINNEY, LEWIS, WATSON & SPERANDO, P.L., have become concerned in this application, or the subject matter thereof, at the instance of the defendants, their representatives or attorneys, nor have we received, nor are we to receive any compensation from the defendants, directly or indirectly, and the only monies we have or will receive herein is the fee in accordance with the agreement of retainer which provides for a fee of 1/3 of the settlement, after deduction of disbursements, said disbursements having been advanced by the law firms of RUBENSTEIN & RYNECKI, ESQS. and by GARY, WILLIAMS, FINNEY, LEWIS, WATSON & SPERANDO, P.L.

The attorneys fee is to be set by this Court by separate Order after additional submissions by counsel for the claimants. Pursuant to the Court directives on September 11, 2008 (see attached transcript), your affiant will issue a check representing 2/3 of the net settlement to the sole distributee, CINDY MOONSAMMY MASHALL, with the remaining 1/3 of the net settlement to be held in the attorney escrow account of RUBENSTEIN & RYNECKI, ESQS. pending resolution of the attorneys fee.

In addition to the above, the Administrator, ANTHONY DEREK MOZONE, has directed your affiant to place in these papers a request for a fee. Neither your affiant, nor any of the attorneys for the claimant, take a position on this request. The Administrator has specifically requested a fee of 2% of the gross settlement. As previously stated, the attorneys

take no position on this request, and submit any fee to the Administrator is at the sole discretion of the Court.

That no previous application has been made for the relief sought herein.

WHEREFORE, it is respectfully requested that this application be granted.

Affirmed: oct 12, 2008

SCOTT E. RYNECKI, ESQ.